CREDIT ALLIANCE CORPORATION *vs*. SARA KOMINSKY *et al.*

APRIL 20, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. This is an action in assumpsit against two indorsers of nineteen promissory notes. The suit was commenced against Sara Kominsky who was an accommodation indorser for her son, Jacob Stern.

It appears that Stern, who was doing business as the National Store Fixtures Co., was selling store fixtures on the installment plan. It was his custom to sell goods on leases, to accept notes for the deferred payments from the conditional vendee and to borrow money for the conduct of his business by pledging these notes and leases to various finance companies.

The notes in question, which were pledged to the plaintiff, were indorsed not only by Stern but also by his mother, Sara Kominsky. On the day of the trial of the action, commenced against Sara alone, she was critically ill in a hospital. After the notes were introduced Stern appeared as a witness and, apparently, was prepared to testify that he owed the plaintiff either nothing or much less than

appeared from an inspection of the notes. A recess was taken and counsel for Sara agreed with counsel for plaintiff to settle the case on the basis of $750, if paid within four months and, if not so paid, for $1,271.09. Counsel for plaintiff announced to the court the terms of the agreement and moved that Stern be made a party defendant. The motion was granted. No entry of appearance was made for him either by himself or by counsel. On motion of plaintiff's counsel judgment in accordance with the above agreement was entered not only against Sara Kominsky but also against Stern. Thereafter execution was issued and—on motion of defendants—recalled. Sara Kominsky moved that the judgment be set aside and a new trial granted. The trial justice, after studying the transcript of the evidence, denied the motion. Later the same justice considered a like motion made by Stern, granted the same and fixed ten days as the time within which he could plead. The case is here on defendant Sara Kominsky's exception to the denial of her motion and on plaintiff's exception to the ruling granting the motion of defendant Stern.

In his affidavit Stern sets forth that he had checked his transactions with the plaintiff and found that the plaintiff was actually indebted to him. The trial justice was satisfied from the affidavits that the judgment was entered under a mistake of fact.

Considering the history of the case, the affidavits and the fact that Stern was made a party and that judgment was entered against him when he was not represented by counsel, considering also the fact that it is not entirely clear that he consented to the entry of judgment against him and that if he did formally consent it is doubtful if he understood the nature and effect of such act, we have no hesitation in finding that the ruling setting aside the judgment as to Stern was correct.

It is apparent that if both motions had been before the trial justice at the time he considered the motion of defendant Stern he would also have granted the

motion of defendant Sara Kominsky. It is illogical to permit the judgment against the accommodation indorser to stand if a new trial is to be had by the payee of the notes. The liability of Mrs. Kominsky, as accommodation indorser, can be no greater than that of Stern, the payee of the notes.

The exception of defendant Sara Kominsky is sustained. The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*Max Winograd, Joseph Goodman, William J. Carlos,* for plaintiff.

*Judah C. Semonoff,* for defendant Stern.

*Joshua Bell,* for defendant Kominsky.